**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

PAUL JACEK KIKTA,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC; CAPITAL ONE, N.A., as successor by merger to DISCOVER BANK; EDFINANCIAL SERVICES, LLC; and TRUIST BANK,

Defendants.

_______________________________________/

Case No. [________________]

Division: [__________]

## COMPLAINT AND DEMAND FOR JURY TRIAL

*(Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)*

Plaintiff, PAUL JACEK KIKTA ("Plaintiff"), appearing pro se, sues Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC (the "CRA Defendants"), and CAPITAL ONE, NATIONAL ASSOCIATION (as successor by merger to Discover Bank), EDFINANCIAL SERVICES, LLC, and TRUIST BANK (the "Furnisher Defendants"), and alleges:

### I. NATURE OF THE ACTION

1. This is an action for damages arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). On April 10, 2026, Plaintiff sent written disputes to each of the three nationwide consumer reporting agencies—Equifax, Experian, and Trans Union—identifying specific accounts and items that were being reported inaccurately and demanding reinvestigation, correction, or deletion under 15 U.S.C. § 1681i(a).

2. Notwithstanding those disputes, the CRA Defendants failed to conduct reasonable reinvestigations and continued to report the disputed information, and the Furnisher Defendants failed to conduct reasonable investigations after receiving notice of the disputes. A subsequent consumer report confirms that the same inaccurate and internally contradictory information persisted after reinvestigation, and, as to the Discover account, expressly bears notations confirming that the dispute was reinvestigated and the disputed reporting nonetheless retained.

3. Plaintiff brings this action to recover actual, statutory, and punitive damages, together with costs and—in the event Plaintiff is represented by counsel—reasonable attorney's fees, under 15 U.S.C. §§ 1681n and 1681o.

## II. PARTIES, JURISDICTION, AND VENUE

4. Plaintiff PAUL JACEK KIKTA is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), who resides in Pinellas County, Florida, at 1100 Cleveland Street, Apartment 1201, Clearwater, Florida 33755.

5. This is an action for damages that exceed $50,000, exclusive of interest, costs, and attorney's fees, and is otherwise within the jurisdiction of this Court.

6. This Court has subject-matter jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p, which vests jurisdiction over such claims in "any appropriate United States district court . . . or in any other court of competent jurisdiction." The courts of the State of Florida are courts of competent jurisdiction that exercise concurrent jurisdiction over claims arising under the FCRA.

7. Venue is proper in Pinellas County pursuant to section 47.011, Florida Statutes, because Plaintiff resides in Pinellas County and because the cause of action accrued in Pinellas County,

where Plaintiff sent his disputes and received, and was affected by, the inaccurate consumer reporting described herein.

8. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) that regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, that transacts business in Pinellas County, Florida, and that is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. Equifax may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

9. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) that transacts business in Florida and is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. Experian may be served through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

10. Defendant Trans Union LLC ("TransUnion") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) that transacts business in Florida and is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. TransUnion may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

11. Defendant Capital One, National Association ("Capital One") is a national banking association and is the successor by merger to Discover Bank, into which Discover Bank merged effective May 18, 2025. By operation of that merger, Capital One succeeded to Discover Bank's rights, obligations, and liabilities and is Discover Bank's successor-in-interest for purposes of this action. Discover Bank furnished the "Discover" account described herein, and all references in this Complaint to "Discover" mean Discover Bank and its successor, Capital One, National

Association. Capital One is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, transacts business in Florida, and is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. Capital One may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

12. Defendant EdFinancial Services, LLC ("EdFinancial") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2 that transacts business in Florida and is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. EdFinancial may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

13. Defendant Truist Bank ("Truist") is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2 that transacts business in Florida and is subject to the jurisdiction of this Court under section 48.193, Florida Statutes. Truist may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## III. GENERAL ALLEGATIONS OF FACT

### A. Plaintiff's April 10, 2026 Disputes to the CRA Defendants

14. On April 10, 2026, Plaintiff sent a written dispute to Experian identifying, and requesting correction of, the inaccurate status of the Discover account ending [redacted] and nine EdFinancial Services student-loan tradelines (identified by Experian account numbers beginning 134479). The letter expressly invoked 15 U.S.C. § 1681i(a) and requested completion of the reinvestigation within thirty days.

15. On April 10, 2026, Plaintiff sent a written dispute to TransUnion identifying, and requesting correction or deletion of, the inaccurate status of the Discover account ending [redacted] the Truist account ending [redacted] (as to which Plaintiff requested both correction and deletion),

and nine EdFinancial Services student-loan tradelines (identified by TransUnion account numbers beginning E001 through E009). The letter expressly invoked 15 U.S.C. § 1681i(a) and requested completion of the reinvestigation within thirty days.

16. On April 10, 2026, Plaintiff sent a written dispute to Equifax identifying, and requesting correction or deletion of, an unauthorized CBNA credit inquiry dated August 28, 2024, the inaccurate status of the Discover account ending [redacted] and nine EdFinancial Services student-loan tradelines (identified by Equifax account numbers beginning 81E). The letter expressly invoked 15 U.S.C. § 1681i(a) and requested completion of the reinvestigation within thirty days.

17. Each dispute placed the CRA Defendants on notice of the disputed items and triggered each CRA Defendant's duty under 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation, to forward all relevant information regarding the dispute to the furnisher of the disputed information, and to delete or correct any information found to be inaccurate or that could not be verified.

**B. The CRA Defendants Failed to Correct the Inaccuracies After Reinvestigation**

18. Notwithstanding Plaintiff's April 10, 2026 disputes, the disputed inaccuracies were not corrected or deleted. A subsequent three-bureau consumer report generated on June 23, 2026 (Reference No. M73896819), reflecting FICO® Score 8 values of 533 (TransUnion), 538 (Experian), and 517 (Equifax), continued to reflect the disputed accounts with the same inaccurate and internally contradictory information described below.

**C. Discover Account Ending [redacted]**

19. The Discover revolving account ending [redacted] was disputed by Plaintiff to all three CRA Defendants on April 10, 2026. After reinvestigation, the account continued to be reported with irreconcilable cross-bureau delinquency information: for the month of June 2026, the account is reported as one hundred twenty (120) days past due by Experian, but only ninety (90) days past

due by TransUnion and Equifax. These reports describe the same account for the same month and cannot all be accurate.

20. The narrative payment-status fields further contradict the bureaus' own payment grids: TransUnion and Equifax each report a "120 days past due" status while their own month-by-month grids reflect a maximum of ninety (90) days past due.

21. This Discover account bears comment notations confirming that a reinvestigation occurred and that the disputed reporting was retained: TransUnion reports "Dispute resolved reported by grantor," and Experian reports "Account previously in dispute — now resolved, reported by data furnisher (To be used for FCRA or FCBA disputes)." Equifax reports no dispute notation for the same account.

**D. EdFinancial Services Student-Loan Tradelines**

22. Plaintiff disputed the status of the EdFinancial Services student-loan tradelines to all three CRA Defendants on April 10, 2026. After reinvestigation, the tradelines continued to be reported such that the identical sequence of derogatory marks (a ninety-day mark followed by two consecutive one-hundred-twenty-day marks) appears in different, non-corresponding calendar months across the three bureaus—each bureau's grid is offset from the others—such that the bureaus disagree as to the specific months in which the delinquencies are said to have occurred.

23. On these EdFinancial tradelines, Experian's payment-status field continued to state "Current, was past due 150 days," notwithstanding that no 150-day delinquency appears anywhere in Experian's payment grid, which reflects a maximum of 120 days. Experian also reported a "Date Last Active" of April 1, 2025 on these tradelines while simultaneously reporting current, on-time activity through 2026.

**E. Truist Account Ending [redacted]**

24. Plaintiff disputed the Truist account ending [redacted] to TransUnion on April 10, 2026, requesting both correction and deletion. After reinvestigation, the account continued to be reported by TransUnion and Equifax as a closed account with a balance of $7,716 and $644 past due, and reflecting derogatory delinquency, while the same account does not appear at all in the Experian file—demonstrating both an unresolved inaccuracy and inconsistent furnishing across bureaus.

**F. Unauthorized CBNA Inquiry**

25. Plaintiff disputed to Equifax on April 10, 2026 an unauthorized credit inquiry by CBNA dated August 28, 2024, and requested its removal. After reinvestigation, Equifax did not remove the inquiry, which continued to appear on the Equifax file as the only inquiry reflected on the June 23, 2026 report.

**G. A Second Discover Tradeline Confirms Discover's Receipt and Retention of Disputed Reporting**

26. The Discover revolving account ending [redacted] bears comment notations "Dispute resolved; customer disagrees" (TransUnion) and "Completed investigation of FCRA dispute — consumer disagrees" (Experian), corroborating that Discover receives, processes, and responds to FCRA disputes and, upon information and belief, retains disputed reporting notwithstanding the consumer's continued disagreement.

**H. Damages**

27. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to injury to his creditworthiness, credit standing, and reputation; the loss of, or reduced access to, credit and less favorable credit terms; out-of-pocket expenses; and the loss of time and effort expended in attempting to correct the inaccurate information.

28. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, including anxiety, frustration, embarrassment, and aggravation.

## COUNT I

### Violation of 15 U.S.C. § 1681e(b) — Failure to Assure Maximum Possible Accuracy

*(Against the CRA Defendants)*

29. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

30. The FCRA requires that, whenever a consumer reporting agency prepares a consumer report, it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31. The CRA Defendants violated § 1681e(b) by preparing and issuing consumer reports containing the inaccurate and internally contradictory information described above, including delinquency levels that conflict across bureaus for the same account and month, payment-status narratives that contradict the agencies' own payment grids, and delinquency sequences that are misaligned across bureaus.

32. The CRA Defendants' conduct was willful, or in the alternative negligent, entitling Plaintiff to relief under 15 U.S.C. §§ 1681n and 1681o.

33. As a direct and proximate result, Plaintiff suffered the damages described above.

## COUNT II

### Violation of 15 U.S.C. § 1681i — Failure to Conduct a Reasonable Reinvestigation

*(Against the CRA Defendants)*

34. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

35. Upon receiving Plaintiff's April 10, 2026 disputes, each CRA Defendant was required to conduct a reasonable reinvestigation to determine whether the disputed information was

inaccurate, to record the current status of the disputed information or delete the item, and to forward all relevant information to the furnisher. 15 U.S.C. § 1681i(a).

36. The CRA Defendants failed to conduct reasonable reinvestigations and failed to delete or correct the inaccurate information, instead retaining and continuing to report it, as reflected on the June 23, 2026 report and as confirmed by the "dispute resolved" and "consumer disagrees" notations on the Discover tradelines and by the continued appearance of the disputed EdFinancial, Truist, and CBNA items.

37. The CRA Defendants' conduct was willful, or in the alternative negligent, entitling Plaintiff to relief under 15 U.S.C. §§ 1681n and 1681o.

**COUNT III**

**Violation of 15 U.S.C. § 1681s-2(b) — Failure to Reasonably Investigate After Notice of Dispute**

*(Against Defendants Capital One, National Association (as successor by merger to Discover Bank), EdFinancial Services, LLC, and Truist Bank)*

38. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

39. After Plaintiff disputed the inaccurate information with the CRA Defendants on April 10, 2026, the CRA Defendants forwarded notice of Plaintiff's disputes to Discover, EdFinancial, and Truist, triggering each Furnisher Defendant's duties under 15 U.S.C. § 1681s-2(b), including the duties to conduct a reasonable investigation, to review all relevant information provided by the CRA, and to correct and report the results of the investigation.

40. Discover, EdFinancial, and Truist each violated § 1681s-2(b) by failing to conduct reasonable investigations and by verifying and continuing to furnish the inaccurate information described above. The dispute notations appearing on the Discover tradelines confirm that Discover

received notice of the dispute, conducted an investigation, and nonetheless continued to report the disputed information.

41. The Furnisher Defendants' conduct was willful, or in the alternative negligent, entitling Plaintiff to relief under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants and award:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Statutory damages for each willful violation pursuant to 15 U.S.C. § 1681n(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs of this action, and reasonable attorney's fees to the extent permitted by 15 U.S.C. §§ 1681n and 1681o in the event Plaintiff is represented by counsel;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

/s/ Paul Jacek Kikta
PAUL JACEK KIKTA, Plaintiff, Pro Se
1100 Cleveland Street, Apartment 1201
Clearwater, Florida 33755
Telephone: (609) 865-2483
Email: paul.kikta@mail.com